UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY LEE SYLVESTER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 1:19-cv-04496-JPH-TAB |
| STANLEY KNIGHT, | ) ) ) | |
| Respondent. | ) | |

**Entry Dismissing Habeas Petition**

Petitioner Timothy Lee Sylvester is currently in custody of the State of Indiana pursuant to a state court criminal judgment from Monroe County Circuit Court. He initiated this habeas corpus action by filling out a form for claims filed under 28 U.S.C. § 2241.

Mr. Sylvester appears to challenge the denial of credit time due to his participation in a vocational program. According to his petition, he completed a 2,000-hour Department of Labor program which provided successful participants six months earned credit time. After he had fulfilled the 2,000-hour requirement, but before he officially graduated from the program, a supervisor removed him. He eventually returned to the program, but by that point the program required 4,000 hours of work before a participant could earn the credit time. Mr. Sylvester petitioned to receive the credit time through the prison's administrative process, but he has taken no action in the state courts.

Mr. Sylvester's § 2241 petition must be dismissed because it is the improper procedural vehicle. Challenges regarding revoked credit time for individuals in custody pursuant to a state judgment must be brought under 28 U.S.C. § 2254. Section 2254 is the avenue for relief for "a person in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and is "the

1

exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002) ("[S]ection 2254 provides the exclusive federal remedy for a person who, being in state custody pursuant to the judgment of a state court, wishes to challenge a sanction that affects the length of his custody."). Further, "[i]nherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26.

But the inquiry does not end there. It is unclear from Mr. Sylvester's petition whether he alleges that his credit time has been *revoked*. Rather, he may contend that he was unfairly *denied* the award of credit time due to the prison's shifting metrics for its vocational program. Where a petitioner alleges a claim which "at best *might* accelerate the accrual of good time and hasten the prisoner's release," he should raise the claim under 42 U.S.C. § 1983. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Although unclear whether Mr. Sylvester's claims are appropriate to bring in a § 2254 or a civil rights action, it is clear that they cannot be brought in a § 2241.

The Court cannot convert a habeas petition under § 2241 to a habeas action under 28 U.S.C. § 2254 or a civil rights action under 42 U.S.C. § 1983 without warning. *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011). It would be inappropriate to endeavor to do so here, given the ambiguity of Mr. Sylvester's factual allegations.

Accordingly, because § 2241 is the wrong procedural vehicle, Mr. Sylvester's habeas petition is **dismissed**. Final judgment in accordance with this Entry shall now issue.

**SO ORDERED.**

Date: 12/9/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TIMOTHY LEE SYLVESTER
205132
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only